UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JERILEE BATISTA,

    Plaintiff,                                                 CASE NO.

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JERILEE BATISTA ("Plaintiff"), by and through her attorneys, and for Plaintiff's Complaint against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") alleges and affirmatively states as follows:

## INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2.     Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court over Count I of Plaintiff's Complaint arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.     Jurisdiction of this Court over Count II of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331.

5.     Because Defendant conducts business in the State of Connecticut, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person who resides in Bristol, Hartford County, Connecticut.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national debt collection company with a business office in Norfolk, Virginia.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around 2014, Defendant began constantly and consistently placing telephone calls to plaintiff in an attempt to collect an alleged debt.

11. Defendant places telephone calls to Plaintiff on Plaintiff's cellular telephone at 860-655-30XX.

12. Per its prior business practices, each collection call placed by Defendant to Plaintiff was placed using an automatic telephone dialing system.

13. On or around June 9, 2014, Plaintiff spoke with Defendant's representative "D'Ana" and requested that Defendant cease placing collection calls to her cell phone.

14. Plaintiff revoked any consent, explicit, implied, or otherwise, for Defendant to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system during the telephone call on December 8, 2014.

15. Despite Plaintiff's request to cease, Defendant placed at least forty-one (41) collection calls to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendant violated the FDCPA. Defendant's violations include, but are not

limited to the following:

    a. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

18. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

19. Any other relief that this court deems to be just and proper.

## <u>COUNT II</u>
## <u>DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT</u>

20. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

21. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

22. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

23. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

24. All court costs, witness fees and other fees incurred; and

25. Any other relief that this Honorable Court deems appropriate.

DATED: December 14, 2015                    RESPECTFULLY SUBMITTED,


                                            By:/s/Jonathan Cohen
                                            Jonathan G. Cohen, Esquire
                                            2 Congress St., Hartford, CT 06114
                                            Tel: 860 527 8900
                                            Fax: 860 527 8901
                                            CT Juris #: 410275
                                            jgcohen@yahoo.com
                                            Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JERILEE BATISTA, hereby demands trial by jury in this action.



## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CONNECTICUT    )
COUNTY OF HARFORD       )

Plaintiff, JERILEE BATISTA, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well-grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JERILEE BATISTA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11/19/15

JERILEE BATISTA
Plaintiff